AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| MICHAEL SOLOMON <br><br> *Plaintiff* <br><br> v. <br><br> THE CITY OF NEW YORK, et. al. <br><br> *Defendant* | ) <br> ) <br> ) <br> ) Civil Action No. 13CV06717 GBD <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CITY OF NEW YORK AND NYPD, 100 CHURCH ST, NY, NY 10007, PO CHRISTOPHER LOPEZ, Badge No. 17692 and POLICE OFFICERS "JOHN DOE" and "JAMES DOE", C/O 46 PCT., 2120 Ryer Ave., Bronx, NY, 10457

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        JOHN P. GRILL
        For LAW OFFICES OF JOHN P. GRILL, PC
        229 Nimham Road
        Carmel, NY 10512    (917) 601-5507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

        RUBY J. KRAJICK

        CLERK OF COURT

Date: JAN 0 8 2014

        *Signature of Clerk or Deputy Clerk*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL SOLOMON,
                                                              13CV06717GBD
              Plaintiff,                                      AMENDED
       - against -                                            COMPLAINT

THE CITY OF NEW YORK, THE                                     TRIAL BY JURY
NEW YORK CITY POLICE DEPARTMENT,                              DEMANDED
and POLICE OFFICERS "CHRISTOPHER LOPEZ" Badge
No. 17692, "JOHN DOE" and "JAMES DOE",
(Names being Fictitious but Intended to Represent
NYP Officers who assisted in the Arrest and Imprisonment
of Plaintiff)

              Defendants.
------------------------------------------------------------------------X
```

## PRELIMINARY STATEMENT

The plaintiff brings this action against all defendants pursuant to 42 U.S.C. Section 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York against THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and POLICE OFFICER "CHRISTOPHER LOPEZ" Badge No. 17692, and POLICE OFFICERS "JOHN DOE" and "JAMES DOE", (Names being Fictitious but Intended to Represent NYP Officers who assisted in the Arrest and Imprisonment of Plaintiff) to redress the deprivation under color of law of plaintiff's rights, privileges and immunities secured by the Constitution of the United States. Plaintiff seeks money damages to redress and remedy the deprivations of his constitutional rights. In addition, plaintiff invokes the pendant jurisdiction of this court over related, ancillary and pendent state law claims. Plaintiff seeks an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 and pursuant to any other laws that may apply.

It is alleged that the individual police officer defendants made an unreasonable search and seizure of the person of MICHAEL SOLOMON, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered the person of MICHAEL SOLOMON, falsely arrested

them, imprisoned him, and subjected them to malicious prosecution. It is further alleged that these violations and torts were committed as a result of the policies, practices and customs of THE CITY OF NEW YORK, and THE NEW YORK CITY POLICE DEPARTMENT

## JURISDICTION - VENUE - CONDITIONS PRECEDENT

1. This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 to redress the plaintiff's rights under the Constitution of the United States. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343.

2. This court has jurisdiction over the plaintiff's state law claims under the doctrine of pendent jurisdiction.

   a. On 06/28/13 a notice of claim was served on defendant City.

   b. At least thirty (30) days have elapsed prior to the commencement of this action since the claim was presented to said defendant THE CITY OF NEW YORK for adjustment as aforesaid and it has refused to adjust or make payment thereof for thirty (30) days after said presentation.

   c. This action was commenced within one year after the cause of action thereof occurred.

   d. The 50-h hearing occurred on 09/18/13

   e. This action is timely commenced pursuant to General Municipal Law, subsection 50-I(1).

3. All of the actions, omissions, and events complained of took place within the County of New York, City and State of New York, and within the venue of this court.

4. The amount in controversy exclusive of interests and costs exceeds the sum of $100,000.

## PARTIES

5. The plaintiffs are citizens of the United States and a resident of the County of Bronx, State of New York.

6. Defendant THE CITY OF NEW YORK (Hereinafter referred to as

"THE CITY") is a body corporate and politic, duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of suing and being sued in this court.

7. At all times hereinafter mentioned the defendant THE NEW YORK CITY POLICE DEPARTMENT(Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of the THE CITY.

8. Upon information and belief, defendant NYPD is a division of THE CITY organized and existing under and by virtue of the laws of THE CITY and the State of New York.

9. Defendant THE CITY is responsible for the policies, practices and customs of NYPD.

10. Defendant THE CITY is responsible for the hiring training, supervision, retention, control and discipline of NYPD and its officers.

11. Defendant THE CITY is and was the employer of the personnel named herein as individual defendants.

12. Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

13. Defendant NYPD is responsible for the policies, practices and customs of NYPD.

14. Defendant NYPD is responsible for the hiring training, supervision, retention, control and discipline of NYPD and their officers.

15. Defendant NYPD is and was the employer of the personnel named herein as individual defendants.

16. Defendant NYPD is also responsible for the operation, practices, and totality of conditions of the NYPD.

17. THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and

edicts of these policy making officials represent also the policies, practices and customs of THE CITY.

18. THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said precinct are in conformity with constitutional requisites.

19. THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein, obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

20. Defendants, POLICE OFFICERS "CHRISTOPHER LOPEZ" Badge No. 17692, and POLICE OFFICERS "JOHN DOE" and "JAMES DOE", police officers of THE NEW YORK CITY POLICE DEPARTMENT, are and were police officers of the NYPD and employees of the NYPD and of THE CITY, and at all times herein were acting in such capacity as the agents, servants and employees of NYPD and THE CITY.

21. The defendant officers were at all times relevant to this complaint duly appointed and acting officers of the NYPD and of THE CITY, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and THE CITY and NYPD.

22. At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

## FACTS

23. The arrest occurred on April 11, 2013, and was terminated in an adjournment in contemplation of dismissal on June 24, 2013. The incident arose across the street from and inside of 1280 Gerrard Ave, Bronx, NY. There, the claimant was

falsely arrested, imprisoned, assaulted and battered, and subject to violation of 42 USC 1983 via use of excessive force. At that date and time, the claimant was lawfully traversing the public way adjacent said building, when the above named officers approached claimant, detained him, effectuated an arrest, and brought claimant to the 46th precinct and placed in a cell for one day. The handcuffs were kept in place for upwards of seven hours, excessively tight behind claimant's back, causing blood loss to the hands and numbness, and superficial bruising. Guns were drawn and pointed at claimant - his wife and family. He was let out of the back door of the station with a DAT and thereafter subjected to a baseless criminal charge of disorderly conduct initiated in bad faith by said officers. Thereafter he was subjected to a baseless criminal charge initiated in bad faith by said officers and compelled to take an adjournment in contemplation of dismissal.

24. Plaintiff was lawfully present at the location when Defendants intentionally assaulted and battered the plaintiffs herein as specified above in the course of effectuating a false arrest without probable cause to believe the claimants herein had committed any crime or offense.

25. Plaintiff was verbally abused and subjected to verbal intimidation by POLICE OFFICER "CHRISTOPHER LOPEZ" Badge No. 17692,. and POLICE OFFICERS "JOHN DOE" and "JAMES DOE" police officers of THE NEW YORK CITY POLICE DEPARTMENT.

26. Plaintiff was roughly cuffed hands behind his back, and transported to the 19th Pct, and from there to Central Booking, and remained in custody for over 24 hours. Thereafter he was were released after the Bronx County DA declined to prosecute.

27. Plaintiffs had not resisted or assaulted the defendants in any way, and such force as was used against them was unnecessary, unreasonable, and excessive.

28. At no time during the events described above were the plaintiffs intoxicated, incapacitated or disorderly, or a threat to the safety of themselves or others.

They had committed no criminal offenses.

29. The defendants had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiffs, and no legal excuse or cause to perform an unconstitutional search and seize the person of the plaintiff.

30. Defendants did not search pursuant to a valid search warrant.

31. Defendants did not present a copy of a search warrant to plaintiff.

32. If a warrant was in the officers possession, they did not execute it in a manner or at a time authorized by the warrant.

33. Upon information and belief,. Plaintiff was not listed as or described as a suspect or target on any warrant or application for any warrant.

34. Defendants charged plaintiff disorderly conduct.

35. The officers had no probable cause to arrest the plaintiff for this crime, or any other.

36. At no time did the defendants possess information that would lead a reasonable police officer to believe that probable cause existed to arrest plaintiff.

37. As a result of the foregoing plaintiffs suffered mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of their constitutional rights.

38. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described, and lent their physical presence and support and the authority of their office to each other during said events.

39. All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with THE CITY and the NYPD. It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

40. THE CITY and the NYPD had a policy of not training their employees with

respect to the proper use of force and allowing persons such as plaintiffs herein to be assaulted, battered and improperly searched and seized.

41. If THE CITY and NYPD had a policy of training their employees with respect to the proper use of force, same was not enforced.

42. On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of THE CITY and the NYPD which was known to them and/or ratified by THE CITY and the NYPD, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

43. On information and belief, defendant THE CITY and the NYPD had prior notice of the vicious propensities of the individual defendants but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or to terminate their employment. The failure to properly train defendants included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

44. On information and belief THE CITY and the NYPD authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

45. As a direct and proximate result of the said acts of the defendants, and the abuse of authority detailed above, the plaintiffs suffered the following injuries and damages:

> a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure to their person:
> b. Loss of their physical liberty:
> c. Physical pain and suffering and emotional trauma and suffering, requiring expenditure of money for treatment.

46. The actions of the defendant officers violated the following clearly

established and well settled federal constitutional rights of plaintiff:

> a. Freedom from unreasonable search and seizure of his person.
> b. Freedom from the use of excessive, unreasonable and unjustified use of force against his person.

## FEDERAL CAUSES OF ACTION
## COUNT I
## 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

47. Paragraphs 1 through 46 are incorporated herein by reference as though fully set forth.

48. Plaintiffs claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants POLICE OFFICER "CHRISTOPHER LOPEZ" Badge No. 17692, and POLICE OFFICERS "JOHN DOE" and "JAMES DOE", police officers of THE NEW YORK CITY POLICE DEPARTMENT for violation of their constitutional rights under color of law, in an amount to be determined by a jury after due trial. .

## COUNT II

## 42 U.S.C. SECTION 1983 AGAINST THE CITY AND THE NYPD

49. Paragraphs 1-48 are incorporated herein by reference as though fully set forth.

50. Prior to April 11, 2013, THE CITY and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in THE CITY, which caused the violation of plaintiff's rights.

51. It was the policy and/or custom of THE CITY and the NYPD to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by THE CITY and the NYPD.

52. It was the custom and policy of THE CITY and the NYPD to inadequately supervise and train and retain and hire their police officers including the defendant

-8-

officers, thereby failing adequately to discourage further constitutional violations on the part of their police officers. THE CITY and the NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

53. As a result of the above described policies and customs, police officers of THE CITY and the NYPD, including the defendant officers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

54. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY and the NYPD to the constitutional rights of persons within THE CITY and were the cause of the violations of plaintiff's rights alleged herein.

55. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY and the NYPD for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III. ASSAULT AND BATTERY

56. The allegations of Paragraphs 1-55 are incorporated by reference herein as though fully set forth.

57. The individual defendants were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-46 above, and thereby assaulted and battered the plaintiff.

58. The assault and battery aforesaid were without probable cause.

59. The individual defendants were working within the scope of their employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-46 above, and thereby assaulted and battered

the plaintiff.

60. The individual defendants were careless and reckless and negligent in that they did not stop or restrain their fellow officers from assaulting the plaintiff.

61. As a result of the aforesaid assault and battery, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT IV FALSE ARREST AND IMPRISONMENT

62. The allegations of Paragraphs 1-61 are incorporated by reference herein as though fully set forth.

63. The individual defendants were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-46 above, and thereby confined the plaintiff without privilege.

64. The confinement aforesaid was without probable cause or privilege.

65. The individual defendants were working within the scope of their employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-46 above, and thereby confined the plaintiff without privilege.

66. The individual defendants were careless and reckless and negligent in that they did not stop or restrain their fellow officers from confining the plaintiff.

67. As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT V. NEGLIGENT RETENTION, TRAINING AND HIRING

68. The allegations of paragraphs 1-67 are incorporated by reference herein as

though fully set forth.

69. THE CITY and the NYPD were responsible for hiring police officers, including the defendant police officers, who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

70. The defendant THE CITY and the NYPD was negligent, reckless, and careless in the hiring of the defendant police officers.

71. The defendant THE CITY and the NYPD negligently failed to investigate and determine whether the defendant police officers were capable and competent.

72. THE CITY and the NYPD were responsible for retaining police officers, including the defendant police officers, who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

73. The defendant THE CITY and the NYPD was negligent, reckless, and careless in the retaining of the defendant police officers, in that they knew or should have known based on information available to them that the defendant police officers were not competent or capable, and/or exhibited vicious propensities.

74. The defendant THE CITY and the NYPD negligently failed to investigate and determine whether the defendant police officers were capable and competent.

75. THE CITY and the NYPD were responsible for training police officers, including the defendant police officers, to render them competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

76. The defendant THE CITY and the NYPD was negligent, reckless, and careless in the training of the defendant police officers, in that they failed to render such training would render the defendant police officers competent and capable, and/or ameliorate their vicious propensities.

77. The defendant THE CITY and the NYPD negligently failed to train the officers and render the defendant police officers capable and competent.

78. As a result of the aforesaid negligence, the plaintiff sustained serious and

permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

### COUNT VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

79. The allegations of paragraphs 1-78 are incorporated by reference herein as though fully set forth.

80. The individual defendants were working within the scope of their employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-46 above, those actions were intentionally and/or recklessly performed.

81. The defendants conduct jointly and severally was outrageous.

82. The defendants joint and several conduct caused the plaintiff to suffer extreme emotinal distress.

83. As a result of the aforesaid intentional infliction of severe emotional distress, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount to be determined by a jury after due trial.

84. As a result of the aforesaid, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount to be determined by a jury after due trial.

> Wherefore, the plaintiff requests that this Court:
>
> a. Award compensatory damages to the plaintiff against the defendants, jointly and severally in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)
> b. Award the costs of this action to the plaintiff.
> c. Award reasonable attorneys fees to the plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.
> d. Award punitive damages in an amount to be

> determined by a jury after due trial. Not less than one million dollars ($1,000,000)
> e. Award such other and further relief as this Court may deem appropriate.

Dated: Carmel, New York
December 29th, 2013

_____
JOHN P. GRILL
Grill9446
For LAW OFFICES OF JOHN P. GRILL, PC
229 Nimham Road
Carmel, NY 10512
(917) 601-5507

-13-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          **13CV6717GBD**

MICHAEL SOLOMON,

        Plaintiff,

  - against -

THE CITY OF NEW YORK, THE
NEW YORK CITY POLICE DEPARTMENT,
and POLICE OFFICERS "CHRISTOPHER LOPEZ" Badge
No. 17692, "JOHN DOE" and "JAMES DOE", (Names being Fictitious
but Intended to Represent NYP Officers who assisted
in the Arrest and Imprisonment of Plaintiff)

        Defendants.

## AMENDED SUMMONS AND COMPLAINT

LAW OFFICES OF JOHN P. GRILL, PC
Attorneys for Plaintiff(s)
229 Nimham Road
Carmel, NY 10512
(917) 601-5507

To:

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated:

..................................................
Attorney(s) for